# Newton v. Louisville & Nashville Railroad Co.

## Statutory Action of Ejectment.

1. *Deed; description of land conveyed; "railway cut."*—Where the land conveyed in a deed is described as the portion of certain lots lying south of a "railway cut," only the land lying adjacent to and south of the upper and outer edge of said cut is conveyed; and the deed does not embrace the sloping sides of the cut, down to the lower and inner edge.

2. *Ejectment; charges ignoring material portions of the evidence properly refused.*—Where in an action of ejectment there was evidence tending to show that the defendant had had adverse possession of the lands sued for for more than ten years before the institution of the suit, charges which ignore this tendency of the evidence, and postulate plaintiff's right of recovery upon his own prior possession, are erroneous and properly refused.

3. *Same; adverse possession; mere possession not sufficient to constitute it.*—Mere possession of land will not constitute adverse possession, but there must be possession under claim of title hostile to the title of the true owner; and in an action of ejectment, where the defendant claims title under adverse possession, it is not sufficient for him to show that he has been merely in possession of the land for the time necessary to perfect the statutory bar, but the burden is upon him to prove that his possession has been held under a claim of title hostile to the title of the true owner for the length of time necessary to give title under such adverse possession.

4. *Same; plea of "not guilty" admits possession.*—In an action of ejectment the plea of "not guilty" admits the possession of the land sued for by the defendant; and whether defendant was responsible for excavations made on the land during his possession is wholly foreign to the issue so formed; and a charge instructing the jury that defendant was not responsible for certain excavations on such lands is abstract, and should be refused.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellant, Nancy E. H. Newton, against the appellee, the Louisville & Nashville Railroad Company, to recover a certain strip of land in the city of Montgomery. The only rulings assigned on the present appeal relate to

the action of the trial court in refusing certain charges asked by the plaintiff, and in giving certain other charges requested by the defendant. The facts of the case are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the plaintiff requested the court to give to the jury the following written charges : (1.) "The court charges the jury that if they believe the evidence, they must find for the plaintiff, Nancy E. H. Newton." (2.) "The court charges the jury that the true construction of the deed introduced in evidence, and under which plaintiff claims title, is that the boundary line of said land is the bottom of the cut beginning two feet from the south rail of the second track from the Alabama river, known as the main line of the L. &. N. R. R." (3.) "The court charges the jury that the plaintiff has the right in this case to recover under her prior possession, if the jury believe from the evidence that she had such possession before any deed was made of the property sued for, and further believe that the railroad held as trespassers." (4.) "The court charges the jury that if they believe from the evidence that the plaintiff entered into prior possession of the property before any deed was executed, and held since under that possession, and that the railroad company has been in possession as mere trespassers, then the plaintiff would be entitled to recover on her prior possession without reference to her deed." (5.) "The court charges the jury that if the railroad cut through which the second track from the Alabama river runs was two feet south of the said 2d track, as it stood at the time of the purchase of the plaintiff in 1879 of said land, then the plaintiff is entitled to recover whatever portion of said land lying south of that south side of said cut, as it then stood." The court refused to give each of said charges, and to the refusal to give each of these charges the plaintiff separately excepted. The plaintiff also separately excepted to the court's giving, among others, the following written charges requested by the defendant : (8.) "The court charges the jury that the plaintiff did not take the title in a slanting direction, but only took from the top of the cut in a vertical direction." (9.) 'The court charges the jury that defendant is in no way responsible for any excavation made by the laying or

building of the track known as the Alabama Midland Railway, the same being the fourth track on the map.''

There was judgment for the defendant, and the plaintiff appeals, and assigns as error the rulings on the charges to which exceptions were reserved.

FARNHAM & CRUM, for appellant.—One of the principal questions presented, relates to the proper construction of the deed under which appellant claims title; appellee insisting that by it appellant obtained title to the top edge of the cut—in a vertical direction; while appellant insists that her title extended to the bottom of said cut, especially when considering the evidence of plaintiff, indicating such intention in buying.—*Oxton v. Groves*, 28 Amer. Rep. 75; *Salter v. Jonas*, 23 Amer. Rep. 229; Sedgwick & Wait on Trial of Title to Land, (2d ed.), §§ 85, 798.

But if appellee's theory of the construction of this deed is the correct one, then charge No. 7, given at its request, was improper, since it instructed the jury that appellant could not recover if appellee was in the possession of simply the toe or slope of said cut. We think this charge manifestly erroneous, for the further reason that it entirely ignores the question of adverse holding. *Dothard v. Denson*, 72 Ala. 541; *Alexander v. Wheeler*, 69 Ala. 332.

Under the evidence in this case, it clearly appears that appellee was in the possession of said land merely as a trespasser; and hence the jury should have been instructed, as requested by plaintiff, that she was entitled to recover on her prior possession.—*Bradshaw v. Emory*, 65 Ala. 208; *L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264.

CHARLES P. JONES, *contra*.

HEAD, J.—This is a statutory real action in the nature of ejectment. The property in controversy is a strip of land, twenty by two hundred and fifty feet, lying alongside of the main line of defendant's railroad in the city of Montgomery, Alabama. At the time of the trial this strip of land was occupied, in part, by two railroad tracks, one belonging to the defendant and the other to the Alabama Midland Railway. It was shown, without conflict, that, in 1879, the plaintiff purchased of the Mo-

bile and Montgomery Railway Company certain real estate described as follows in the bond for title made to her by said company: ''All that piece or parcel of land lying and being in the county and city of Montgomery, in the State of Alabama, and more particularly described as that part of lots 4 and 5 and the west half of lot 3 in square 19, according to Hanrick's plat, that lies south of the railway cut.'' The bond for title was made on the 8th day of August, 1879, and a deed following it was executed on the 3d day of November, 1881, the description of the property being alike in the two instruments. It was admitted that the strip sued for was a part of said lots 4 and 5 and west half of lot 3, and the chief controversy was over the question, did it or any part of it lie south of the railway cut at the time of the plaintiff's purchase. The defendant claimed furthermore that it had been in the adverse possession of the premises for ten years prior to the bringing of the suit.

The contention of the plaintiff in the court below may be reduced to two propositions.: *First*, that under the description contained in the bond for title and deed, she took from the lower and inner edge of the cut instead of from the upper and outer edge. *Second*, that if such was not the proper construction of the deed, in any event, the greater part of the property sued for lay south of the upper and outer edge of the cut at the time of her purchase. So far as the first proposition is concerned, we have no hesitancy in holding that the lower court committed no error in construing the deed adversely to plaintiff's contention. The words "railway cut" have a certain and definite meaning, and comprise as well the sloping sides as the deepest part of the excavation. The language of the description is plain and unambiguous, and leaves no room for doubtful construction. It could only refer to that portion of the lots lying adjacent to and south of the upper line of the excavation. The cases to which we have been referred by appellant's counsel assert the familiar doctrine, that where land is conveyed as bounded by a highway the grantee will, in the absence of words of exclusion, take to the center of the highway, if the grantor be the owner thereof. That principle is based on the presumed intention of the parties and, it is very obvious, can have no application

to the case in hand.   As being opposed to this, the proper construction of the deed, charges 1 and 2 requested by plaintiff were rightly refused.

There was evidence tending to show that the defendant had had adverse possession of the premises for more than ten years prior to the bringing of the suit.   This phase of the evidence was omitted from the postulate in charges 3, 4 and 5, requested by plaintiff, and they were faulty for that reason.

Charge number 7, which was given by the court, at defendant's instance, reads as follows : "If the jury believe from the evidence that the toe or slope of said cut was excavated in 1880 by or under the supervision of Mr. B. Dunham, and that defendant has had possession of said land ever since, then plaintiff cannot recover." The evidence had shown that when the excavation referred to was made in 1880, the upper line or margin of the cut was not disturbed.   The only material part of the charge, therefore, is that portion which instructed the jury that if defendant had had possession of the land since 1880, the plaintiff could not recover.   It is a fundamental principle of the most familiar character that the mere possession of land will not constitute adverse possession.   All presumptions and intendments are favorable to the title, as we have many times said, and possessions are not presumed to be hostile, but rather in subordination to it.   The burden of proving the possession adverse—that it was taken and held under a claim of title hostile to the title of the true owner—rests upon the party asserting it.—*Robinson v. Allison*, 97 Ala. 596 ; *Dothard v. Denson*, 72 Ala. 544 ; *Alexander v. Wheeler*, 69 Ala. 332.   It was not enough for defendant to have shown merely, that it had had possession of the premises for the time necessary to perfect the statutory bar. The charge leaves wholly out of view the material inquiry, was such possession adverse to that of the true owner.   It was manifestly erroneous, and must work a reversal.

For the reasons already pointed out, there was no error in the 8th charge, given at defendant's request, which instructed the jury that plaintiff "did not take title in a slanting direction, but only took from the top of the cut in a vertical direction."   What the defendant meant by this was that the plaintiff did not take by her

deed the sloping side of the cut, and it was, no doubt, so understood by the jury.

The 9th charge requested by defendant was wholly irrelevant to any issue of the case. The defendant by its plea of not guilty admitted having possession of the premises sued for, and whether it was or was not responsible ''for any excavation made by the laying or building of the track known as the Alabama Midland Railway'' was foreign to the inquiry, whether the land sued for belonged to the plaintiff or the defendant. That question might arise in an action of trespass *quare clausum fregit*, but could not be raised in an action of ejectment, brought to determine whether plaintiff or defendant is entitled to the possession of the premises sued for.

Reversed and remanded.