# Wilkinson *et al. v.* Lehman-Durr Co.

## *Satutory Action of Ejectment.*

1. *Adverse possession; receiver's possession not adverse.*—The receiver in a chancery suit holds for the benefit of the parties pending the suit, and on its termination for the benefit of the party who was ascertained to be entitled to the fund or

[Wilkinson *et al.* v. Lehman-Durr Co.]

property; but such possession of the receiver *pendente lite* is the possession of the court and cannot be adverse. Therefore adverse possession of land less than ten years cannot be tacked to the possession of a receiver so as to fill our the period of ten years' adverse possession.

2. *Ejectment; permissible for plaintiff to prove that deed was void because executed by a non compos mentis.*—In an action of ejectment, where the plaintiffs claim as heirs of a deceased ancestor, and the defendant claims by mense conveyances from the grantee in a deed executed by plaintiff's ancestor, it is competent for the plaintiffs to prove that at the time of the signing of said deed their ancestor was *non compos mentis* and incapable of executing a valid contract.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. GORDON MACDONALD, Special Judge.

This was a statutory real action in the nature of ejectment, brought by the appellants as children and heirs of W. W. Wilkinson, deceased, against the appellee, Lehman-Durr Co., to recover certain lands specifically described in the complaint. The land was originally owned by W. W. Wilkinson, the ancestor of the plaintiffs. The defendant claims under a deed executed to it by the executors of the will of Moses Weil, deceased. All the other facts of the case are sufficiently shown in the opinion.

The plaintiffs requested the court to give to the jury the general affirmative charge and duly excepted to the court's refusal to give said charge as asked.

The court at the request of the defendant gave the general affirmative charge in its favor, and to the giving of this charge the plaintiff duly excepted.

There were verdict and judgment for the defendant. The plaintiffs appeal and assign as error the rulings of the court to which exceptions were reserved.

JESSE F. STALLINGS, for appellant.—The evidence in this case shows that the defendant did not have adverse possession for ten years.—*Barron v. Barron*, 122 Ala. 194; *Goodson v. Brothers,* 11 Ala. 589; *Dothard v. Den-*

*son,* 75 Ala. 482; *Eureka Co. v. Norment,* 104 Ala. 625; *Newton v. L. & N. R. R. Co.,* 110 Ala. 478; *Adler v. Prest-wood,* 122 Ala. 367.

The receiver's possession of the property sued for was not adverse, and the adverse possession could not be tacked to it to fill out the period. A receiver's possession is the possession of the court.—High on Receivers, § 1; 2 Story Equity, 829; Jones on Mortgages, 1535 and note; *Bowles v. Duff,* 54 Barb. (N. Y.) 215; *Davis v. Gregg,* 16 Wall. 204; *Noe v. Gibson,* 7 Paige, (N. Y.) 513; *Bank v. Schermerhorn,* 9 Paige (N. Y.) 372.

C. E. HAMILTON and WATTS, TROY & CAFFEY, *contra.* Void deeds of good color of title and actual possession for ten years claiming under them gives title.—Code, § 2794; *Riggs v. Fuller,* 54 Ala. 146; *Lamar v. Minter,* 13 Ala. 31; *Burks v. Mitchell,* 78 Ala. 61; *Black v. R. R. Co.,* 93 Ala. 109.

Adverse possession of different holders standing in privity to each other can be tacked.—*Riggs v. Fuller,* 54 Ala. 146.

Generally the holding of property by a receiver is for the benefit of all parties to the suit in which the receiver was appointed.—High on Receivers, §§ 236, 237.

Pending suit the receiver possession is for the benefit of all parties, and when suit is ended it is exclusively from the beginning of the holding for the benefit of the party who prevails, and is throughout the suit adverse to strangers.—*Scott v. Ware,* 65 Ala. 174; *Verdery v. R. R. Co.,* 82 Ga. 675; *Beverly v. Brooks,* 4 Gratt. 208, 211, 212, and cases cited; *Field v. Jones,* 11 Ga. 416; *Kirkpatrick v. McElroy,* 41 N. J. Eq. 539; *Ellicott v. Warford,* 4 Md. 80; *Anonymous,* 2 Atkins, 15; *Harrison v. Brugan,* 2 Dru. & War. 295.

HARALSON, J.—W. W. Wilkinson, the original owner of the land sued for, gave a deed to the property, on July 6th, 1885, to H. Z. Wilkinson, who went into possession of the same and continued in possession,

claiming the property as his own, until 1888, when it passed again into the possession of W. W. Wilkinson, who claimed the same, holding possession and renting it for his own benefit for the year 1888, and up to September, 1889, when possession of said property was taken by J. A. McGehee as receiver, under an appointment and order of the chancery court, and the said H. Z. Wilkinson did not have possession or claim any right to possession or title during 1888 or 1889, or subsequent to those years. On the 21st September, 1888, while H. Z. Wilkinson held a deed from W. W. Wilkinson to the land, he executed a mortgage to Moses Weil on the property, to secure an alleged indebtedness of $24,000, parts of which were due in 1889, 1890, 1891, 1892, and 1893. On April 1, 1889, said Weil filed his bill against H. Z. Wilkinson, in the chancery court of Butler county, alleging default in the payment of the mortgage, praying among other things the appointment of a receiver to take possession of the property. Said mortgage was duly foreclosed by a sale of the property under the decree of the court therefor, and the said Weil became the purchaser. A deed to the property, upon a confirmation of the sale, was, under the orders of the court, executed to said Weil by the register of the court, on the 15th of January, 1892. One J. A. McGehee, according to the prayer of the bill, was appointed receiver of the property, and as such, and not otherwise, in September, 1889, took possession of the same pending the litigation. On the 8th of April, 1892, McGehee, the receiver, by the orders of said court of chancery, delivered possession of the property to said Weil, the purchaser of the same at said foreclosure sale. Since that date, as the evidence shows without conflict, said Weil, and those under him, including the defendant, have held the property claiming title to the same, openly, notoriously and hostile to the world.

W. W. Wilkinson died July 24, 1894, and the plaintiffs are his children. This suit was instituted by them April 8th, 1901, nine years to the day after the delivery

of the possession of the property by the receiver to said Weil, or his agent.

The plaintiffs seek to recover on the ground that being the children of said W. W. Wilkinson, they have the legal title to the property, and that the said deed of their father, W. W. Wilkinson, to H. Z. Wilkinson, on the 6th July, 1885, under which he mortgaged the property to Weil,—under whom defendants claim,—was void, for the reason, that the grantor, W. W. Wilkinson, was insane at the time he signed it, and was totally incapable, mentally, of transacting any business.

The defendants seek to defend, on the ground, that they and those under whom they claim, held the land by adverse possession for ten years before this suit was instituted.

It is not disputed, that defendants held adverse possession for nine years, and to fill out their full period of ten years adverse possession, they seek, contending that they have the right to tack onto their possession of nine years, the possession of J. A. McGehee, as receiver in the said chancery case of Weil *v.* H. Z. Wilkinson, as was held by the court below could be done, and this is the main question for review.

"A receiver is an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or fund in litigation, *pendente lite*, when it does not seem reasonable to the court that either party should hold it. He is not the agent or representative of either party to the action, but is uniformly regarded as the officer of the court, exercising his functions in the interest of neither plaintiff nor defendant, but for the common benefit of all the parties."—High on Receivers, 1; *Scott v. Ware,* 65 Ala. 186; *Gayle v. Johnson,* 80 Ala. 392. His appointment "does not determine any right, or affect the title of either party, in any manner whatever." As to this, the *status quo* of the parties is unaffected and preserved, and the appointment "is not to oust any party of his right to the possession of the property, but merely to retain it for the benefit of the party who may, ultimately, appear to be entitled to it;

and when this is ascertained, the receiver will be considered as his receiver."—*Ellicott v. Warford*, 4 Md. 80; 2 Jones on Mortgages, § 1535.

To tack the possession of several holders together, to make it an adverse possession of ten years, it is essential that privity between them be shown, and continuity of possession without break or interval (*L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264; *Riggs v. Fuller*, 54 Ala. 141); and the burden of proving adverse possession, whether done by tacking one or more continuous possessions or otherwise, rests on the party asserting it.—*Newton v. L. & N. R. R. Co.*, 110 Ala. 474.

Again, it seems to be well settled, that "the possession of a prior occupant, of a character insufficient to give title by adverse possession, cannot be united with a subsequent possession of another to protect title by adverse possession in the latter."—1 Cyc. 1008, and authorities there cited.

It is claimed by the plaintiffs, that the possession of the receiver, J. A. McGehee, who held possession under his appointment for over two years, was not a holding by him adverse to them, but that the receiver had merely, as an agent of the court, to do with the property as the court should direct, on the termination of the said foreclosure suit. The theory of the defense is, that the possession of the receiver was their possession, and by relation must be exclusive throughout the whole period of the litigation, from his appointment to his discharge, but this theory is unsound. Again, the only person in this case whose estate could be tacked to aid defendants in their claim of adverse possession, is H. Z. Wilkinson, under whose alleged mortgage from W. W. Wilkinson, defendants claim, and the defendants' defense of adverse possession for ten years before the institution of this suit must fall to the ground, for it is shown without dispute, that H. Z. Wilkinson, for two years before the receiver was appointed was not in possession of the property sued for, and was not claiming it as his own, but

for that time, he had surrendered it to W. W. Wilkinson, who by his agent went into and remained in possession of the property, claiming it as his own, until he died in 1894.

The court below excluded the evidence that said W. W. Wilkinson was *non compos mentis* before, and at the time of the signing of his deed to said H. Z. Wilkinson and continuously since, to the date of his death. This ruling could have been indulged in only on the ground that the theory of defendant's defense of adverse possession for ten years was correct. Having held that this theory was untenable, the error in the exclusion of the evidence is manifest. It was competent to show that the deed of said W. W. to H. Z. Wilkinson was void.—*Wilkinson v. Wilkinson*, 129 Ala. 279.

Reversed and remanded.