# McDaniel *v.* Sloss-Sheffield Steel and Iron Co.

### *Bill to Quiet Title.*

(Decided July 2, 1907.—44 South. 705.)

1. *Adverse Possession; Requisites.*—As against the holder of a legal title there must be actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive during the statutory period with an intention to claim title to the land occupied, to render the holding adverse.

2. *Same.*—The possession must be under claim of right or title where one claims land adversely knowing his title to be defective.

3. *Same; Adverse Character of Possession.*—Where one entered land knowing that he had no title, but believing the title to be in the government, he did not hold adversely to the true owner, though he cut timber at various places and times on the land and cultivated a field; the description of length and occupancy being indefinite.

4. *Quieting Title; Decree; Sufficiency.*—Under section 812, Code 1896, a decree adjudging that the defendants have the legal title to all the lands claimed by them respectively, and that they are entitled to them, except a certain home place, and that the minerals thereunder is the property of one of the defendants, is sufficient.

APPEAL from Jeeffrson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by J. A. McDaniel against the Sloss-Sheffield Steel & Iron Company, and against the Tennessee Coal, Iron & Railroad Company, to quiet title to certain lands described in the bills. The two cases are tried together by agreement and submitted on appeal together. From a decree for respondents, plaintiffs appeal. Affirmed.

JOHN D. STRANGE, and J. D. CRUSE, for appellant.— The occupancy and possession of complainant is sufficient to constitute an adverse holding under the facts in this case.—*Wilson v. Glenn*, 68 Ala. 386; *Dothard v. Denson*, 72 Ala. 545; *Goodson v. Brothers*, 111 Ala. 596; *Brand v. U. S. Car Co.*, 128 Ala. 583; *Chastang v. Chastang*, 141 Ala. 459.

PERCY & BENNERS, for appellee, Tennessee Coal, Iron & Railway Company; TILLMAN, GRUDD, BRADLEY & MORROW, for appellee, Sloss-Sheiffeld Steel & Iron Company.—Under the facts in this case the only part of the land held adversely was the home place as that was in pedio possessis.—*Tennessee C. I. & R. R. Co. v. Lynn*, 123 Ala. 112. The other acts of possession were not sufficient to constitute an adverse holding as to the other land.—*Chastang v. Chastang*, 141 Ala. 451; *Adler v. Prestwood*, 122 Ala. 267; *Wiggins v. Kirby*, 106 Ala. 262. The respondents having the true title was entitled

·to the decree rendered declaring such title.—*Kyle v. Alabama State Land Co.*, 41 South. 174; *Adler v. Sullivan*, 115 Ala. 582.

SIMPSON, J.—These two cases were tried together, and submitted here together, by agreement. The bills were filed by the appellant, and sought to quiet the title as against both defendants to N. E. 1-4 of N. E. 1-4 of section 17, township 18 S., range 1 W., in Jefferson county, and as to the Tennessee Coal, Iron & Railroad Company to the four 40-acre tracts of land in said county described as follows: The N. W. 1-4 of the N. E. 1-4 and the N. E. 1-4 of the N. W. 1-4 of section 17, and the S. W. 1-4 of S. E. 1-4 and S. E. 1-4 of S. W. 1-4 of section 8, all in township 18 S., range 1 W. The parties agreed in writing that the defendants, respectively, held perfect paper titles to the land and that the complainant claimed only by adverse possession. No claim of adverse possession, under Code 1896, § 1541, has ever been filed by the complainant. The testimony shows that complainant is living in a house on the N. E. 1-4 of section 17, township 18, range 1, around which is a fence inclosing 6 or 6 1-2 acres. The decree of the chancellor declares that the defendants have the legal titles to all of the lands respectively claimed by them, and are entitled to the same, except as to the surface of said home place; the minerals thereunder being owned by the Sloss Iron & Steel Company.

The complainant testified that he entered upon the land in 1872, built the house, sold out his claim, and afterwards bought it back, moving there the second time January 10, 1882, since which time he has continued to live there, and that it has been fenced practically all of the time; that he claimed it as his home from the first, but that he knew when he entered it that he did not have

any title to it; that he thought it belonged to the United States government; and that he had as much right to it as any one. There was testimony by the complainant and others about complainant's cutting timber on the lands at various places and times. There was also testimony to the effect that there was a field, besides the home place, that had been cultivated by the complainant; but there is not in the record any definite discription of said field on which a decree could be rendered, and while it is stated that it was cleared and enlarged from time to time, there is no evidence from which it could be definitely said that any specified portion of said field had been occupied for any definite time. In order to establish adverse possession, as against the holder of the legal title, "the law is stringent in requiring clear proof of the requisite facts. There must be, first, an actual occupancy, clear, definite, positive, and notorious; second, it must be continued, adverse, and exclusive during the whole period described by the statute; third, it must be with an intention to claim title to the land occupied."—3 Washburn on Real Property (4th Ed.) pp. 135, 136. "Where a party enters upon land and takes possession, without claim of title or right, his occupation is subservient to the paramount title, not adverse to it. It is nothing more than a trespass, and, no matter how long continued, can never ripen into a good title."—1 Cyc. p. 1029; *Bernstein v. Humes*, 78 Ala. 135, 138, 142; *Badger v. Lyon*, 7 Ala. 564. Of course, this principle must not be so extended as to contravene the other principle that a party may claim adversely, though he knows that his title is defective, but he must claim a right to the land. The "possession must be under claim of right or title."—1 Cyc. p. 1008; *Newton v. L. & N. R. R. Co.*, 110 Ala. 474, 478, 19 South.

27 R

19; *Bernstein v. Humes,* 75 Ala. 241, 244; *Dothard v. Denson,* 72 Ala. 541, 544, 554; *Kennedy's Ex'r v. Townsley's Heirs,* 16 Ala. 239, 247.

Even if a person who acknowledges that he went into possession as a mere trespasser without any claim of right, could be said to be holding adversely to the true owner, the evidence in this case does not come up to the requirement of the law as to that part of the land which the chancellor decreed to the defendants.—*Chastang v. Chastang,* 141 Ala. 451, 458, 37 South. 799, 109 Am. St. Rep. 45, and cases cited. The statute does not provide for any more distinct decree in favor of the complainant than was rendered in this case, but provides only that the court shall "decree whether the defendant has any right, title, or interest in, or incumbrance upon, such lands, or any part thereof," etc., and makes the decree binding on both parties.—Code 1896, § 812. The decree of the court is affirmed.

Affirmed.

Tyson, C. J., and Haralson and Denson, JJ., concur.