## BOLLN v. THE COLORADO & SOUTHERN RAIL-WAY CO.

(No. 840; Decided November 13th, 1915; 152 Pac. 486.)

Adverse Possession—Claim of Right—Color of Title—Character of Holding—Title by Prescription.

1. Adverse possession in order to ripen into a title by prescription, must not only be open, notorious and exclusive for the full statutory period, but must also be taken and held either under color of title or a claim of right.

2. Where successive owners of a building knew that it stood in part upon land owned at all times by a railroad company and to which they claimed no right or color of title, kept possession thereof under the mistaken belief that, being suffered to remain thereon for 10 years they would acquire title, such possession did not ripen into title by prescription.

Error to the District Court, Converse County; Hon. Charles E. Winter, Judge.

The material facts are stated in the opinion.

*Harvey & Hawley,* for plaintiffs in error.

Plaintiffs in error acquired title to the land by adverse possession and all of the elements of adverse possession were proven. (Bryant v. Cadle, Admr., 18 Wyo. 86.) Actual possession was shown. (Ellicott v. Pearl, 10 Pet. 442, 9 U. S. (L. Ed.) 488; Erving v. Burnet, 11 Pet. 52, 9 U. S. (L. Ed.) 629; Brumagim v. Bradshaw, 39 Cal. 24; Potts v. Magnes, 17 Colo. 364; Mason v. Calumet Canal Co., 150 Ind. 699, 50 N. E. 85; Wilbur v. Cedar Rapids E. R. Co., 116 Ia. 65, 89 N. W. 101; Dickinson v. Bales, 62 Kan. 865, 61 Pac. 403; Bates v. Norcross, 14 Pick. 224; Twohig v. Leamer, 48 Neb. 247, 67 N. W. 152.) Each case must depend on its own circumstances. (Polack v. McGrath, 32 Cal. 15; Foulke v. Bond, 41 N. J. 546; Lemon v. Heath, 53 Neb. 707, 74 N. W. 274; Roberts v. Richards, 84 Maine, 10, 24 Atl. 425.) Acts of ownership required varies according to the character of the land. (Ewing v. Burnet, *supra;* Simmons Creek Coal Co. v. Doran, 142 U. S. 443; Brumagin v. Bradshaw, *supra;* Mason v. Cal-

umet Coal Co., *supra;* Brown v. Rose, 55 Ia. 734; Houghton
v. Wilhemy, 157 Mass. 521, 32 N. E. 861; Twohig v. Leamer,
*supra.*) Buildings are proof of actual possession. (2 Corpus
Juris, 59.) Notoriety of possession is unnecessary where the
owner has actual knowledge of such possession. (Brown
v. Cockrell, 33 Ala. 47; Clark v. Gilbert, 39 Conn. 94; Mc-
Caughn v. Young, 85 Miss. 277, 37 So. 839; Allen v.
Mansfield, 118 Mo. 343, 18 S. W. 901; Dausch v. Crane,
109 Mo. 323, 19 S. W. 61; Sheaffer v. Eakman, 56 Pa. St.
144; McAnliff v. Parker, 10 Wash. 141, 38 Pac. 744.)
Actual or formal notice to the owners is unnecessary to give
possession the element of openness and notoriety. (2 C. J.
77; Holtzman v. Douglas, 168 U. S. 278; Florida Southern
R. Co. v. Loring, 51 Fed. 932; Black v. Tennessee Coal
Co., 93 Ala. 109, 9 So. 527; School District No. 8 v. Lynch,
33 Conn. 330; Carney v. Hennessy, 74 Conn. 107, 49 Atl.
910; Paulo v. Malo, 6 Hawaii, 390; St. Louis &c. R. Co. v.
Nugent, 152 Ill. 119, 32 N. E. 263; King v. Carmichael,
136 Ind. 20, 35 N. E. 509; Tebaut v. Daniels, 38 Ia. 158;
Black v. Cocks, 82 S. W. 278; Alden v. Gilmore, 13 Maine,
178; Abbott v. Abbott, 51 Maine, 575; Cook v. Babcock,
11 Cush. 207; Poingnard v. Smith, 6 Pick. 172; Samuels v.
Barrowscale, 104 Mass. 207; Bird v. Starck, 66 Mich. 654,
33 N. W. 754; Howatt v. Greene, 139 Mich. 289, 102 N.
W. 734; Wilson v. Williams, 52 Miss. 487; Warfield v.
Lindle, 38 Mo. 561; Swope v. Ward, 185 Mo. 316, 84 S.
W. 895; National Mining Co. v. Powers, 3 Mont. 344;
Williams v. Shepherdson, 95 N. W. 827; Humbert v. Trin-
ity Church, 24 Wend. 587; Green v. Horn, 112 N. Y. S.
993; Pitman v. Weeks, 132 N. C. 81, 43 S. E. 582; Ken-
nedy v. Maness, 138 N. C. 35, 50 S. E. 450; Jones v. Por-
ter, 3 P. & W. 132; Brice v. Cayce, 62 S. C. 546, 4 S. E.
948; Love v. Turner, 71 S. C. 322, 51 S. E. 101; Brownson
v. Scanlon, 50 Tex. 222; Thompson v. Wiseman, 98 Tex.
170, 82 S. W. 503; Jangraw v. Mee, 75 Vt. 211, 54 Atl.
189; Bowers v. Ledgewood, 25 Wash. 14, 64 Pa. 936; Tal-
bot v. Woodford, 48 W. Va. 449, 37 S. E. 580; Rains v.
Buxton (Eng.), 14 Ch. D. 537, 49 L. J. Ch. 473; Cowan v.

Hatcher, 59 S. W. 689; Parrish v. Williams, 79 S. W. 1097; Bingham Livery &c. Co. v. McDonald, 111 Pac. 56; Flint v. Long, 41 Pac. 49, 2 C. J. 79.) Silence on the part of the owner does not establish the fact that the possession was permissive. (2 C. J. 76; Richmond Cedar Works v. Pinix, 208 Fed. 785, 795.) The case of Roberts v. R. R. Co., 102 N. W. 60, is not in point. Ignorance of the claim of right cannot be urged by an owner to defeat limitations. (Brown v. Scanlan, 59 Tex. 222.) Exclusive possession does not require that all others be excluded. (Point Mountain Coal & Lumber Co. v. Holly Lumber Co., 75 S. E. 197, 201, 71 W. Va. 21.) Plaintiffs in error held exclusive possession for 23 years according to the evidence; such adverse possession was continuous by successive owners. Action for recovery of possession is barred after ten years. (Sec. 4295, Comp. Stats. 1910.) The requisite privity may be created by conveyances, agreements or understandings that transferred possession, when accompanied by transfers in fact. (Alexander v. Pendleton, 8 Cranch. 462, 3 U. S. (L. Ed.) 624; Holt v. Adams, 121 Ala. 664, 25 So. 716; Memphis &c. R. Co. v. Organ, 76 Ark. 84, 55 S. W. 952; Fanning v. Wilcox, 3 Day, 258; Smith v. Chapin, 31 Conn. 530; Kendrick v. Latham, 25 Fla. 819, 6 So. 871; Weber v. Anderson, 73 Ill. 439; Kepley v. Scully, 185 Ill. 52, 57 N. E. 187; Paul v. Conn. Mts. L. Ins. Co., 76 Minn. 401, 79 N. W. 497; Montague v. Marinda, 71 Neb. 805, 99 N. W. 653; Monroe v. Wilson, 68 N. H. 580, 41 Atl. 240; Clark v. Bundy, 29 Ore. 190, 44 Pac. 282; Schutz v. Fitzwater, Pa. St. 126; Clithers v. Fenner, 122 Wisc. 356, 99 N. W. 1027; McNeely v. Langan, 22 Ohio St. 32, 2 C. J. 90; Shuffelton v. Nelson, 2 Sawy. 540, 22 Fed. Cas. No. 12822; Naiman v. Burch, 91 Ill. App. 48; Wishart v. McKnight, 178 Mass. 356, 59 N. E. 1028; Vandall v. St. Martin, 42 Minn. 163, 44 N. W. 525; Crispen v. Hannavan, 50 Mo. 536; So. Omaha v. Meehan, 71 Neb. 230; Davoch v. Nealon, 58 N. J. L. 21, 32 Atl. 675; McNeely v. Langan, supra; Sommer v. Compton, 96 Pac. 124.) A verbal sale of improvements and right of possession is sufficient.

(Houston Oil Co. v. Gore (Tex. Civ. A.), 159 S. W. 924.) Privity denotes a succession of interest. (2 C. J. 85.) Where the statutory period has run and title acquired thereunder subsequent abandonment does not defeat the title acquired. (Jacks v. Chaffin, 34 Ark. 534; Todd v. Kauffman, 19 D. C. 304; Milliken v. Kennedy, 87 Ga. 463, 13 S. E. 635; School District No. 4 v. Benson, 31 Me. 381; Sherman v. Kane, 86 N. Y. 57; Schall v. Williams Valley R. Co., 35 Pa. 191; Erhard v. Hearne, 47 Tex. 469.) "Hostile" possession means possession as owner as distinguished from holding in subordination of the recognized ownership of another. (2 C. J. 122.) Actual, open and exclusive possession for the period of limitation creates the presumption that the possession was hostile. (Tritt v. Roberts, 64 Ga. 156; Anderson v. Dood, 65 Ga. 402; Hammond v. Crosby, 68 Ga. 767; Albertina v. Kapiolani Estate, 14 Hawaii, 321; Kapiolani v. Kleghorn, 14 Hawaii, 330; Greene v. Anglemire, 77 Mich. 168, 43 N. W. 772; Neel v. McElhenny, 69 Pa. St. 300; Satcher v. Grice, 53 S. C. 126, 31 S. E. 3; Toltic Ranch Co. v. Babcock, 24 Utah, 183, 66 Pac. 876; Morse v. Churchill, 41 Vt. 649; Illinois Steel Co. v. Budzisz, 106 Wis. 499, 81 N. W. 1027, 82 N. W. 534; Illinois Steel Co. v. Paczocha, 119 N. W. 550; Hammachek v. Donvall, 139 Wis. 108, 115 N. W. 634; Pioneer Investment &c. Co. v. Board of Education, 35 Utah, 99, Pac. 150; Whitaker v. Erir Shooting Club, 102 Mich. 454, 60 N. W. 983; Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060; McGee v. McGee, 37 Miss. 138; Davis v. Bowman, 55 Miss. 671; Pharis v. Jones, 122 Mo. 125, 26 S. W. 1032; B'enne v. Miller, 149 Mo. 228, 50 S. W. 824; Dikeman v. Parrish, 6 Pa. St., 210; Bradshaw v. Mayfield, 18 Tex. 21; B'rock v. Bear, 100 Va. 562, 42 S. E. 307; Pioneer Wood Pulp Co. v. Chandos, 78 Wis. 526, 47 N. W. 661.) Claim of right means acts showing an intention to appropriate and use the land to the exclusion of all others. (1 R. C. L. 706-707.) An expression of intention is unnecessary. (1 R. C. L. 796.) Occupation, use and improvement of the

premises without payment of rent or recognition of title in another raises a presumption that the occupant is holding as absolute owner. (1 R. C. L. 796.) Lands of a railroad company may be acquired by adverse possession. (2 C. J. 225.) Lands of a railroad company outside of the right of way are not impressed with a public use. (2 C. J. 225.) Even if the lands were a part of the railroad right of way or necessary for railway purposes, that fact would not defeat the claim of plaintiffs in error. The constitutional provision (Sec. 2, Art. 10) merely affirms the rule of the common law. A railroad line is not a public highway in the same sense that roads and streets are such. The statute (Section 3833, Comp. Stats.) permitting the acquisition of 200 feet in width for right of way purposes raises merely a naked presumption that such land is necessary for railroad purposes, which presumption may be rebutted. (Alcott v. Supervisors, 16 Wall. 678.) In England title may be acquired against a railroad company by adverse possession, even as to lands required for the company's undertakings. (Bobbett v. South Eastern R. Co., 9 Q. B. D. 424; Norton v. London &c. R. Co., 9 Ch. D. 623.) In the United States this rule has been announced by the great weight of authority and title to land constituting the right of way of a railroad company may be acquired as against the company by adverse possession. (2 C. J. 225; 1 R. C. L. 737, Sec. 56; George &c. R. Co. v. Gardner, 113 Ga. 897, 39 S. E. 299; Illinois Cent. R. Co. v. Houghton, 126 Ill. 233, 18 N. E. 301; Ill. Cent. R. Co. v. O'Connor, 154 Ill. 150, 39 N. E. 563; Ill. Cent. R. Co. v. Moore, 160 Ill. 9, 43 N. E. 364; Donahue v. Ill. Cent. R. Co., 165 Ill. 640, 46 N. E. 714; Ill. Cent. R. Co. v. Wakefield, 173 Ill. 564, 50 N. E. 1002; Chic. &c. R. Co. v. Abbott, 215 Ill. 416, 74 N. E. 412; Pittsburg &c. R. Co. v. Jellison, 86 N. E. 501; Maysville &c. R. Co. v. Holton, 100 Ky. 65, 39 S. W. 207; Pollock v. Maysville &c. R. Co., 103 Ky. 84, 44 S. W. 359; Louisville &c. R. Co. v. Smith, 125 Ky. 336, 101 S. W. 317; Mathews v. Lake Shore &c. R. Co., 110 Mich. 170, 67 N. W. 1111; Northern Pac. R. Co. v. Townsend, 84 Minn. 152, 86 N.

W. 1007; Paxton v. Yazoo &c. R. Co., 76 Miss. 536, 24 So. 536; Welch v. Chic. &c. R. Co., 19 Mo. App. 127; Spottiwoode v. Morris &c. R. Co., 61 N. J. L. 322, 40 Atl. 505; Smith v. Pittsburg &c. R. Co., 26 Ohio Cir. Ct. 44;· Southern R. Co. v. Beaudrot, 63 S. C. 266, 41 S. E. 299; Hill v. Southern R. Co., 67 S. C. 548, 46 S. E. 486; Southern R. Co. v. Gossett, 79 S. C. 372, 60 S. E. 956; Texas &c. R. Co. v. Maynard, 51 S. W. 255; Northern Pacific R. Co. v. Ely, 25 Wash. 384, 65 Pac. 555; Northern Pacific R. Co. v. Haase, 28 Wash. 353, 68 Pac. 882; Northern Pacific R. Co. v. Spokane, 45 Wash. 229, 88 Pac. 135; Northern Pacific R. Co. v. Concannon, 135 Pac. 652; St. Louis & S. F. R. Co. v. Ruttan, 118 S. W. 705.) · The cases to the contrary are governed by statutes prohibiting the acquisition of such a right, but no such rule is applicable to Wyoming, as no such statute exists here. Another exception is observed in the case of rights of way granted by the federal government. (Northern Pacific R. R. Co. v. Ely, 197 U. S. 1, and Northern Pacific Railway Co. v. Townsend, 190 U. S. 267.) The doctrine is supported by specific acts of Congress. (Northern Pacific Railway Co. v. Concannon, 135 Pac. 652; Northern Pacific Railway Co. v. Smith, 171 U. S. 261; Stewart v. Union Pacific Railway Co., 227 U. S. Sup. Ct. 353, 57 L. Ed.) But otherwise lands acquired as right of way or for station grounds which have never been used as such may be lost by adverse possession for the requisite length of time. (Maysville &c. R. Co. v. Holton, 100 Ky. 665 S.; Pollock v. Maysville &c. R. Co., 103 Ky. 84; Collet v. Vanderburgh Co., 119 Ind. 27; Beattie v. Carolina Central R. Co., 108 N. C. 425; Delaware L. & W. R. Co. v. Toby-Hanna Co., 81 Atl. 132, Pa. 76; Lehigh Valley R. Co. v. Frank, 39 Pa. Super. Ct. 624; Chicago, Milwaukee & St. Paul R. R. Co. v. Hanken, 118 N. W. 527 (Ia.) Such was the status of the land involved here. It was also shown that the land never would be used by defendant in error and that the Chicago, Burlington & Quincy Railway Company contemplates the use of the land for its main track. (Quinn v. Baage, 114 N. W. 205.)

Even if the lands were a part of a railroad right of way necessary for railway purposes, that fact would not defeat the claim of plaintiffs in error. (Pittsburg Ry. Co. v. Stickley, 155 Ind. 312, 58 N. E. 192.) The statute fixing the width of land for railroad easements creates a mere naked presumption that such easements will be allowed and may be overcome by evidence rebutting the inference. (Cedar Rapids Canning Co. v. Burl., 120 Ia. 724; Mathews v. Seaboard Air Line R. Co., 57 S. C. 498; Reading Co. v. Seip, 30 Pa. Super. Ct. 330.) The Nebraska cases of Mc-Lucas v. R. R. Co., 93 N. W. 928, and Roberts v. Sioux City &c. R. Co., 102 N. W. 60, leave the question open.

*C. W. Burdick* and *A. C. Campbell,* for defendant in error.

Without conceding that title by adverse possession may be acquired to right of way lands of a railroad company in any event, it is suggested that plaintiffs have not shown that they and those under whom they claim have been in actual, visible, exclusive and hostile possession of the premises for ten years prior to the commencement of this action, nor that their possession, nor the possession of those under whom they claim, commenced and continued under a claim of right with intent to assert such claim against the true owner, and this being true it would not seem necessary to consider questions relating to the character of the land as a public highway, or the nature of the title held by defendant in error. (Bryant v. Cadle, 18 Wyo. 64, 86, 104 Pac. 23, 27.) One of the elements necessary to establish adverse possession is that the occupation must be inconsistent with the paramount rights of the true owner. (Hunnewell v. Burchett, 54 S. W. (Mo.) 487; Swope v. Ward, 84 S. W. (Mo.) 895-896.) The possession must have commenced and continued under a claim of right, as was observed in the case of Jasperson v. Scharnikow, 150 Fed. 571-572. "This idea of acquiring title by larceny does not go in this country." The rule is particularly applicable where the applicant admits under oath that he did not claim to own the land during the time of his occupancy. (Ryan v. City of Lincoln,

123 N. W. (Neb.) 1021; McD'aniel v. Schloss-Sheffield Steel & Iron Co., 152 Ala. 414, 44 So. 705, 126 Am. St. R'ep. 48; Walker v. Steffel, 77 S. E. (Ga.) 580. See also notes to the case of Jasperson v. Scharnikow, L. R. A, 15 N. S. 1208, under the heading "Claim of Right.") The most that can be said of the acts and declarations of plaintiff in error is that they indicate a claim of title to the improvements and not to the land; hence the statute cannot be invoked. (Davenport et al. v. Sebring et al., 3 N. W. (Ia.) 403; Brown et al. v. Simpson, 2 S. W. (Tex.) 644.) Huston Oil Co. v. Gore, 159 S. W. 924, cited by counsel for plaintiffs in error, is a Texas case, but not in conflict with the Brown case. Hostile and exclusive possession means holding possession as owner. (1 R. C. L. 704; Worcester v. Lord, 56 Me. 265, 96 Am. Dec. 456; Dumner v. Murphy, 2nd Hill (S. C.) 488, 27 Am. Dec. 397.) The evidence here does not show that fact. There is a distinction between acquiring lands of a railroad company and lands held in private ownership for private purposes. The distinction is pointed out by the constitutional provision (Sec. 2, Art. 10, State Const.) and by the rule announced by the cases that possession of railroad lands will be presumed to be permissive unless and until such person notifies the company of his intention to hold adversely. (Roberts v. Sioux City P. R'. Co., 102 N. W. (Neb.) '60; Solcum v. C. B. & Q. R'y. Co., 11 N. W. (Ia.) 641; Smith v. Pittsburg C. C. & St. L. Ry. Co., 26 Ohio Cir. Ct. Reports, 44; Union Pac. Ry. Co. v. Kindred, 23 Pac. 112 (Kan.); Northern Counties Inv. Trust Co. v. Enyard et ux., 64 Pac. (Wash.) 516; L. & N. Rd. Co. v. Hagan, 141 Ky. 20, 131 S. W. 1018, 35 L. R'. A. N. S. 189, 192; M. & O. R. Co. v Donovan, 59 S W. (Tenn.) 309; Alexander City Union Warehouse Co. v. Cent. of Ga. Ry. Co., 62 So. (Ala.) 745.) At common law title by adverse possession cannot be acquired to any part of a public highway dedicated to public use. (Meyer v. Graham, 18 L. R. A. (O. S.) 146; Cross v. Morriston, 18 N'. J. Eq. 312; B'rogan v. Town of Hayward, 4th Fed. 161, 166; Gardarl v. City of Humbolt, 123 Pac. (Kan.) 764.) The statute can-

not be invoked as against the state or as against the public. (Sutherland on Statutory Construction, 1st Ed., Sec. 479; Merton v. San Angelo Natl. Bank, 49 Pac. (Okla.) 913, 914; Endlich on the Interpretation of Statutes, 1st Ed., Sec. 164; State ex rel. v. Vandalia, 94 S. W. (Mo.) 1009.) Common law is the rule of decision in this state except where contravened by statute. (Sec. 3588, Comp. Stats. 1910.) The meaning of the term "public highways" as used in the section of the Constitution is clear. The meaning customarily given to terms in English jurisprudence should be applied to terms used in the Constitution or legislation of the United States. (Hoar's Autobi., Vol. 1, p. 365; Williamson v. United States, 207 U. S. 475, 52 L. Ed. 278-289; Board of Commissioners v. Rollins, 130 U. S. 662, 32 L. Ed. 1060, 1063, 1064.) Where railroads are thus referred to in constitutions no part of their rights of way can be acquired by adverse possession. (Reading Co. v. Seip, 30 Pa. Sup. Ct. Rep. 330-335; Conwell v. P. & R. R. Co., 88 Atl. (Pa.) 417; McLucas v. R. R. Co., 93 N. W. (Neb.) 928, 97 N. W. 312.) Railroad lines which are declared to be public highways are defined by Sections 3833-4203 and 4204 as strips of land 200 feet in width upon each side of their tracks and necessary grounds for stations, workshops, buildings, depots, etc. (N. P. R. R. Co. v. Smith, 171 U. S. 261, 43 L. Ed. 157.) The question is foreclosed against a person who claims title to a part thereof by adverse possession. Hence, the question is not an open one. (Reading Co. v. Seip, 30 Pa. Sup. Cr. Rep. 330; Conwell v. P. & R. R. Co., 88 Atl. (Pa.) 417.) The contention that a railway company is required to show a necessity of use as to land acquired by purchase and that such necessity may be challenged by one asserting a right of adverse possession to a part thereof is in conflict with the decision of the United States Supreme Court in N. P. R. R. Co. v. Townsend, *supra*, and of the Supreme Court of Pennsylvania in P. & R. R. R. Co., 88 Atl. 417. But irrespective of this rule, defendant has shown that it needs the land involved for right of way and station grounds; a railroad company may pro-

vide for future needs.    (Templeton v. Coal Co., 50 Pa.
Sup. Ct. Rep. 341-352.)    A railroad company is not lim-
ited to twenty acres for station grounds, but may acquire
so much as may be necessary.    (Comp. Stats., Sec. 3833.)
Section 4200, Comp. Stats. 1910, refers to the acquisition of
state lands only.    Irrespective of state constitutions or stat-
utes, it is well settled by the Supreme Court of the United
States that railways are public highways and that no part
of their right of way or other property owned by them
necessary for railroad purposes can be acquired by adverse
possession.    (U. P. Ry. Co. v. Nebraska, 164 U. S. 417, 41
L. Ed. 489; S. P. Co. v. Hyatt, 64 Pac. (Cal.) 272; L. &
N. Ry. Co. v. French, 43 S. W. (Tenn.) 771.)    State de-
cisions to the contrary plainly ignore the broad powers of
supervision over railroads found in numerous acts of Con-
gress and supported in the Missouri Pacific case.    (See also
Meyer v. Graham, 18 L. R. A. (O. S.) 146-147, and Cross
v. Morristown, 18 N. J. Eq. 312.)    Counsel for plaintiff in
error cites the case of State of Washington v. Concannon,
135 Pac. 652.    That case was based upon provisions of the
act of Congress of April 28th, 1904, validating certain con-
veyances made by the N. P. Railway Co., in which it was
held that no part of the right of way of that company could
be acquired by adverse possession or alienated by the com-
pany.    The act, however, provides that the written consent
to such validation should be given by the railroad company.
The only other act passed by Congress with respect to the
right of way of land grant railroads is found at 37 U. S.
Stats. 489.    This act was involved in the case of Union
Pacific R. Co. v. Laramie Stock Yards Co., 231 U. S. 34,
Sup. Ct. Reps. 101, but in another case, Union Pacific R.
Co. v. Snow, decided December 1st, 1913, it is held that the
act did not operate retrospectively.    The powers of Con-
gress as seen in the granting acts have not been changed in
subsequent acts, which in specific cases have reduced the
area of the right of way in respect to which the policy of
Congress extended.

Beard, Justice.

The defendant in error (plaintiff below) brought this action against the plaintiffs in error (defendants below) to recover the possession of a small tract of land situated in Converse County. The trial was to the court, without a jury, and the court found and gave judgment for the plaintiff, and defendants bring error.

On the trial it was stipulated in writing between the parties that on January 13, 1891, the Union Pacific, Denver & Gulf Railway Company, a corporation, acquired by purchase the fee simple title to a strip or tract of land, including the tract in controversy, as shown by a deed duly filed for record January 20, 1891. That between January 13, 1891, and November 25, 1898, said company had not sold, assigned, transferred or set over to any one any of its right, title or interest in said tract. That November 25, 1898, Henry Budge, John Kennedy, Tod and Edward C. Henderson, under foreclosure proceedings, by a deed from a Special Master, filed March 1, 1899, acquired all of the property of said U. P., D. & G. Ry. Co., situated, lying and being in said county, including said strip or tract of land. That December 29, 1898, said Budge, Kennedy, Tod and E. C. Henderson, by deed filed March 1, 1899, conveyed to plaintiff all of the property acquired by them under said Special Master's deed. That plaintiff has not sold, assigned, transferred or set over to defendants, or to any one, said strip or tract of land or any part thereof.

The claim of defendants is that they have acquired title to the tract in dispute by prescription. There is practically no controversy between the parties as to the facts. It appears that in the spring of 1891 a building used as a hotel was erected on the tract in dispute, or at least partly on said land, by one McLaughlin. That he sold the building to one Fisher, and that Fisher in the fall of 1894 sold the building to one Howe. Between the fall of 1904 and 1906, Howe sold the building to one Hughes, who held the property for about six months and then sold back to Howe. In February, 1907, Howe sold the building to the defendants. It is

not disputed that defendants and their grantors were openly, notoriously, exclusively and continuously in possession of the tract in dispute from the spring of 1891 up to the time of the commencement of this action, November 25, 1913. The question here is, was such possession adverse to plaintiff's title so as to ripen into a title by prescription? To have that effect the possession must not only be open, notorious, exclusive and continuous for the full period of the statute, which in this state is ten years, but such possession must also be taken and held either under color of title or claim of right. (Bryant v. Cadle, Admr., 18 Wyo. 64-86, 104 Pac. 23, 106 Pac. 687.) In the case here it is not claimed that defendants or their grantors had color of title. Howe was called and testified as a witness for defendants and stated that he bought the hotel in the fall of 1894, and was then asked and answered as follows:

Q.  Did you know at that time that the building was on the railroad land?

A.  Yes, sir.

Q.  Fisher told you that, did he?

A.  He did. He took me to the house and showed me the corner of the street.

Q.  Then you were aware at the time this building was on the property of the railroad?

· A.  Yes.

Q.  Knowing that, were you determined to hold the land?

A.  Well, I wasn't ·going to move off unless I was forced to.

He further testified:

Q.  Now, at the time you sold this to Hughes, did you tell him any facts concerning the title to this land?

A.  I told him how it was situated—part of it on the street, part of it on railroad land.

Q.  You informed Mr. Hughes, then, clearly of the fact that part of the building was on the land to which the railroad had the record title?

A.  I did.

Q. Did you give him any written conveyance of any part of that?

A. Gave him a bill of sale to the building.

He also testified that when he bought it back Hughes gave him the same kind of bill of sale; and when he sold to defendants he gave them a bill of sale, which was introduced in evidence and conveyed "the hotel building and additions thereto and sheds situate at Orin Jc., Wyoming, occupied by grantor as a hotel." That he told them the railroad had the record and title to this land. On cross-examination he testified that he had not returned the land for assessment and had paid no taxes on the land. He was asked: Q. So you thought you had a right to stay on that land and get title to it without paying a dollar for it, without paying taxes? A. Yes, sir, for a certain number of years. Q. It never occurred to you to tell the railroad company or members of the railroad company that that was your intention, did it? A. No. Q. In other words, you proposed to keep silent until the statute of limitations was run? A. No, sir, I talked to them, told them the house was on their property. Again: Q. What right did you claim in 1894? Ten years had not elapsed then. A. I didn't have no right, but didn't intend to move unless they forced me off. One reason was I couldn't afford to move it. Q. You knew at that time it was railroad property, you have so testified, haven't you? A. Yes. Again: Q. You said you didn't intend to leave in 1894—intended to hold that property in 1894? A. Well, as I said, unless I was forced off. Mr. Bolln, one of the defendants, testified that at the time he and Southwick bought the hotel in February, 1907, Howe told him of the situation; that he knew long before that that the record title to the land was in the railroad company. Never paid any taxes on the land. Thought Howe had title under adverse possession. From Howe's own testimony it clearly appears that neither he nor Fisher took or held possession under any claim of right, but on the contrary they knew the railroad company owned the land and did not claim that either of them had any right to

possession as against the company. Howe admits that he told the officers of the company that the building was on its land, and in all of the transfers it was the building only which was sold. They seem to have been laboring under the mistaken belief that without any claim of right to do so, by going upon land they knew was owned by another and being suffered to remain in possession for ten years they would acquire title by prescription. That they could not do so is well settled. In Jasperson v. Scharnikow, 150 Fed. 571-572 (Ninth Cir. Ct. of App.), 80 C. C. A. 374, 15 L. R. A. (N. S.) 1208, it is said:

"A man must have bona fide claim, or believe in his own mind that he has got a right as owner, when he goes upon the land that does not belong to him, in order to acquire title by occupation and possession. The defendant's evidence fails to show any claim of right in Bryant when he went on the land. There is not a particle of testimony that squints in the direction that he supposed that he had any right, or that he went there for any other purpose than to acquire right, if he could do so by holding long enough without molestation." The court in the opinion cites and quotes from Balch v. Smith, 4 Wash. 497, 30 Pac. 648; Blake v. Shriver, 27 Wash. 593, 68 Pac. 330; Yester Estate v. Holmes, 39 Wash. 34, 80 Pac. 851; and 11 Pet. (U. S.) 51, 9 L. Ed. 624. To the same effect see Ryan v. City of Lincoln, 85 Neb. 539, 123 N. W. 1021; McDaniel v. Sloss-Sheffield Steel and Iron Co., 152 Ala. 414, 44 So. 705, 126 Am. St. 48. If it be conceded that the possession of the plaintiffs in error was under a claim of right, they did not have possession for sufficient time to acquire title by prescription; and it clearly appearing that Howe's possession was not under either color of title or claim of right, the judgment of the district court must be affirmed.

Other points urged by counsel for defendant in error have been discussed in the briefs and in oral argument; but as the point already considered disposes of the case, they need not be and have not been considered.        *Affirmed.*

POTTER, C. J., and SCOTT, J., concur.