64 So.2d 816
**JONES v. MITCHELL et al.**
2 Div. 289.

Supreme Court of Alabama.
April 23, 1953.

W. R. Withers, Greensboro, for appellant.

G. E. Sledge and O. S. Burke, Greensboro, for appellees.

PER CURIAM.

This is an appeal by the plaintiff in an action at law for the recovery of one hundred acres of land. All the defendants plead not guilty which admitted possession of the entire tract by all of them. Section 941, Title 7, Code. T. A. Mitchell, one of the defendants, was in possession of the north thirty-three acres of said one hundred acre tract. He consented for a verdict and judgment to be rendered for plaintiff for its recovery, and there was no objection by the other defendants. The thirty-three acre tract is described in the verdict and judgment in such way as not to be void for uncertainty. The trial as to the other part of the tract, being sixty-seven acres, developed by the evidence to be in effect four separate and distinct actions for four separate parts of the sixty-seven acres, each part being in fact in possession of and claimed by different defendants. Yet, as we noted above, the defendants plead not guilty to all the land sued for. There was a verdict and judgment for defendants as to the sixty-seven acres, and plaintiff appeals.

The appropriate method of pleading in such a situation is suggested by sections 941 and 942, Title 7, Code. It is that each defendant plead not guilty to the described portion of the tract sued for of which he is in possession, and disclaim possession of all the balance. In that way the issues can be distinctly drawn with a verdict responsive to each of them.

The evidence showed that plaintiff claimed all the sixty-seven acres, in fact the one hundred acres, through a chain of title extending to the original grant of it as public land by the United States Government. But we will show that the instruments relied on do not sufficiently, taken without aid of possession, convey a legal title into plaintiff. That chain of title is as follows: A patent dated May 14, 1834 from the government conveying the land to Michael Portier. A deed dated May 15, 1834 conveying the land to William Armistead and executed for Michael Portier by Constantine B. Beverly, as attorney in fact by virtue of an alleged power of attorney, was introduced without objection. The power of attorney was not proven in any respect. The granting clause is that Beverly as attorney grants and conveys,—not that Portier, acting by Beverly, grants and conveys. But the deed is signed in the name of Portier as grantor by Beverly, attorney in fact. Such form of execution is proper, but if it were otherwise effective the granting clause, not purporting to be by Portier but by his attorney in fact, would not pass the legal title but an equitable one. Jones v. Morris, 61 Ala. 518; Carter v. Doe ex dem. Chaudron, 21 Ala. 72. A deed dated January 1, 1845, in-

troduced without objection, was from William Armistead and wife conveying the land to Duncan Cameron, being duly acknowledged and recorded. A deed appears in the record, without objection, dated April 1, 1848, from Duncan Cameron to Paul Cameron. It appears to be duly executed and recorded. Another deed dated January 18, 1881, also in proper form, executed by Paul Cameron and wife by their attorney in fact, grants and conveys the land to Milly Jones. The deed recites the existence and record of the power of attorney, but the power of attorney was not introduced nor its execution proven. So that, its status is not such as to pass the legal title if Paul Cameron had such title. The will of Milly Jones was probated August 12, 1896. Under it she devised the land to her husband James Jones and to plaintiff Willie Jones for life in equal shares, and after the death of James Jones to Willie Jones for life, and at his death to his heirs. James Jones is shown to be dead. The evidence shows that on and prior to 1931, plaintiff (also Milly Jones while alive) had possession of the land sued for. Plaintiff therefore had of record color of title and possession, which was sufficient to make out a prima facie right to recover it all. He had by such showing an apparent title for his life under section 141, Title 47, Code, abolishing the rule in Shelley's case. McCreary v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822; Barrett v. Kelly, 131 Ala. 378, 30 So. 824.

It then became incumbent upon defendants to show a better right to the possession than that shown by plaintiff. They undertook to do so on the basis of adverse possession in the light of section 828, Title 7, Code. Alexander v. Wheeler, 69 Ala. 332; Acker v. Green, 224 Ala. 134, 138 So. 820.

Defendants do not claim such possession of all the land or any part of it by all of them. But the defendants or their ancestors entered upon the land by force in the year 1931, and ejected the plaintiff. Plaintiff sued them in a justice of the peace court in forceable entry and recovered a judgment. This included the thirty-three acres called the Compton tract. On appeal to the circuit court the plaintiff permitted the judgment to go by default against him, not being financially able to prosecute it. Those persons had no color of title, right or claim of purchase or inheritance. They were trespassers and do not claim otherwise. McDaniel v. Sloss-Sheffield Steel & Iron Co., 152 Ala. 414, 44 So. 705. But that was about eighteen years before this suit was begun. Those trespassers undertook to and did divide the land between themselves into five parts, including the thirty-three acres known as the Mitchell (or Compton) tract. By that division Cameron Cabbell took the tract immediately south of the Compton tract; Louie Rainer took that south of the Cabbell tract; Watson McCoy took that south of the Rainer tract, and R. H. (or Randall) Hines took that south of what is called the Sherman tract (why so called does not appear). We have shown that the pleadings do not describe those tracts as being each possessed by certain of the defendants with a disclaimer of the balance. The evidence undertakes to show the separate possession of each without an effort to describe them separately except as shown by the tax assessment sheets to which we will again refer.

In order to comply with the requirements of section 828, Title 7, Code, the defendants undertook to show assessments of the different tracts. Referring now to that tract immediately south of the Compton thirty-three acres, we have stated that in 1931 Cameron Cabbell took it over as a trespasser. The first tax assessment supposed to embrace this tract was for the year 1937. The tract was assessed to Pinkie Sledge, Cameron Cabbell, Gates Rainer and Della Ellis. The evidence showed that Cameron Cabbell died ten or twelve years before this suit was begun in 1949. So that, Cameron Cabbell was dead about the time of said assessment. The others named in the tax assessment are some of his children. It does not clearly appear how many children Cameron Cabbell had. The tract was described in the assessment sheet as follows:

"A tract of land being 4.04 ch. on N. side of Jim Jones or Wilson Rainer tract just S. of S.W. Compton tract

and being in SW ¼, section 27, Township 19, Range 4. 10 acres."

There are assessments substantially similar to that for each of the following years: 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945, 1946, 1947. In 1948 the assessment was as follows:

"List of property returned by Pinkie Sledge

"P. O. address Cameron Cabbell."

(There were no other names inserted.) The description was the same. Della Ellis and Gates Rainer, his descendants, are also defendants.

The second tract was first assessed for 1937 and to Louie Rainer, who is a defendant in this suit. It was shown that he was one of the persons who in 1931 entered upon the land and divided it between the above named original trespassers, and he has had some sort of possession of it, or a part of it, up to the institution of this suit. Louie Rainer being a cripple, Pinkie Sledge looked after him and managed the tract, or some undefined portion of it, for him and each year signed the assessment sheet. The assessment for 1937 described the tract as:

"A tract of land lying 4.04 ch wide on N. side of Jim Jones or Wilson Rainer tract S. of Cameron Cabbell in section 27, Township 19, Range 4.—10 acres."

This land was similarly assessed for the years 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945, 1946, 1947, 1948 and 1949.

The next tract south of the Louie Rainer tract is one of which Watson McCoy took possession in the division in 1931. It was first assessed to Watson McCoy in 1937, and in the assessment described as follows:

"A tract of land being 4.04 ch. wide known as Jim Jones or Wilson Rainer tract just S. of Louie Rainer and being SW ¼ of section 27, Township 19, Range 4. 10 acres."

The tract was likewise so assessed to Watson McCoy for the years 1938, 1939 (calls for fourteen acres), 1940 (calls for ten acres), 1941, 1942, 1943, 1944, 1945, and for the years 1946, 1947, 1948 and 1949 assessed to the Watson McCoy heirs. The children of Watson McCoy are Celie Long, Addie McCoy, Jonas McCoy, Mack McCoy, Lilla McCoy Royal. They are made defendants in this case.

The next and last tract was first assessed in 1937 to R. H. Hines. He was one of the original trespassers and participated in the division. The description in the tax assessment is as follows:

"A tract of land being 4.04 ch. wide in the Jim Jones or Wilson Rainer tract S. of Sherman tract, being in SW ¼ of section 27, Township 19, Range 4. 10 acres."

We have not seen an explanation of the "Sherman" designation of the tract north of it. Apparently it was referring to the Watson McCoy tract, though it is not so stated in the description. The tract was similarly so assessed for the years 1938, 1939, 1940, 1941, 1942, 1943, 1944, 1945, 1946 and 1947. In the 1949 assessment made to R. H. Hines there appears below the description the following: "3 heirs, Louvenia Wyatt, Charlie Beenius (?), Arthur Hines." Apparently R. H. Hines was then dead. The defendants in this suit include Luvenia Hines, Arthur Hines and Althea Sharper. The tract was similarly assessed in 1948 and 1949. The date of the death of R. H. Hines is not shown. The evidence is that Polly Dennison, his daughter, took possession and held the tract until her death (date not given). After her death, Althea Sharper went into possession claiming it for the heirs of R. H. Hines.

The tracts as described in the assessment sheets do not correspond with those separately claimed by the respective defendants. Section 828, Title 7, Code. There was no color of title nor descent cast after which certain parties had ten years adverse possession of any sufficiently described tract to comply with section 828, supra. The possession cast by a trespasser to a descendant is no better in him than that of the ancestor, but it may be sufficient to allow a claim of adverse possession for a period of ten years thereafter under the restrictions of that statute.

If the ancestor is a trespasser, but his possession is such as complies with

the requirements of adverse possession, his prior possession may be tacked to that of his descendant to complete the period of time. Pearson v. Adams, 129 Ala. 157(5), 29 So. 977. But this can only apply when the possession of the ancestor, though a trespasser, was under such circumstances as to satisfy the principle of adverse possession. At the time of the transaction involved in the Adams case, supra, there was no such statute as section 828, supra. A trespasser could then have adverse possession if he intended to claim the land though he knew he had no title. Smith v. Roberts, 62 Ala. 83. But since that statute, a trespasser must also have one of the three requirements expressed in it. Neither Cameron Cabbell, Louie Rainer, Watson McCoy or R. H. Hines could qualify under that statute. So that, their possession was of no value to be tacked.

A trespasser, having no color of title, but claiming to have acquired title by adverse possession, must show actual possession of all the land which he claims, and it is presumably not adverse to the true title. McDaniel v. Sloss-Sheffield Steel & Iron Co., 152 Ala. 414, 44 So. 705. He must prove that he was in the open, notorious, exclusive, hostile, continuous possession of *a well defined part* of the land in controversy (or all of it). His title would extend only to that part of the land which was in his actual possession (assuming that he has sufficiently complied with section 828 supra). Perolio v. Doe ex dem. Woodward Iron Co., 197 Ala. 560, 73 So. 197; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705; Grissom v. State, 254 Ala. 218, 48 So.2d 197.

The listing of the land for taxation serves two purposes in such a case as this. One is to satisfy section 828, supra, and the other is to be evidence of a claim of ownership and the extent of possession. Brannan v. Henry, 175 Ala. 454, 57 So. 967; Green v. Jordan, 83 Ala. 221, 3 So. 513; Baucum v. George, 65 Ala. 259. But it is

not color of title. Knight v. Hunter, 155 Ala. 238, 46 So. 235. Occupancy of a part of the land with color of title, defining the extent of the claim, is *deemed to extend* to the boundaries expressed. But the payment of taxes connected with actual possession is evidence *tending to show* the extent of possession. Brannan v. Henry, supra; Green v. Jordan, supra; Baucum v. George, supra.

As we have said, the listings of the land for taxation do not properly describe the land which each defendant claims separately. There are twenty-seven acres not listed at all. There must be a sufficient description to designate the property. Section 47, Title 51, Code. All the assessments describe each lot as having ten acres, except one which for one year says fourteen acres. They give no southern boundary. There are sixty-seven acres. Each of the four tracts should be sixteen and three-fourths acres to embrace it all. The parties do not contend that the tracts all together contain only forty acres, but assume that they include sixty-seven acres. The burden being on defendants, separately, as to each tract to prove adverse possession sufficient to defeat the prima facie case of plaintiff, the evidence must be specific in describing each tract separately claimed and properly assessed as thus described, and the exact amount and boundary of such part of each tract as is actually possessed and by whom.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

We think the affirmative charge, requested by plaintiff (appellant) should have been given.

Reversed and remanded.

SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.