124 So.2d 439

**J. E. FULLER, Jr., et al.**

v.

**Clyde PORTER et al.**

**6 Div. 491.**

Supreme Court of Alabama.

Nov. 17, 1960.

Murray A. Battles, Cullman, for appellants.

W. Marvin Scott, Cullman, for appellees.

SIMPSON, Justice.

This is an appeal from a judgment for the plaintiff in a statutory action of ejectment.

**468**

The defendants plead the general issue, which of course admitted their possession. Code of 1940, Tit. 7, § 941.

The cause was never heard on its merits but the trial court granted the plaintiff's motion for a judgment by default under authority of § 940, Tit. 7, of the Code, rested on the premise that, although the defendants did furnish an abstract of title, it did not cover the lands in suit.

But the defendants did furnish the best abstract they could, which contained the deed of conveyance on which they relied for title; at the same time, they made known to the court that, regardless of the fact that they might not be able to furnish an abstract which would show title in them to the suit property by mesne conveyances, they intended to establish, at the trial, title to a part of the property by adverse possession. If, of course, the defendants could not produce an abstract showing a good paper title, but could establish title by adverse possession, under these circumstances a judgment by default should not have been rendered against them. As stated, they furnished the best abstract they could and should have been allowed to go to trial on the general issue and to prove, if they could, that they owned the property, or a part of it, by adverse possession.

If, of course, it should be developed by the facts that they did not own all the suit property, they could disclaim possession and claim of ownership to the part not claimed and not adversely possessed by them. Code of 1940, Tit. 7, § 942; Jones v. Mitchell, 258 Ala. 651, 64 So.2d 816.

We think we are supported in this conclusion by the rationale of such cases as Robbins v. Gilligan, 86 Ala. 254, 5 So. 568, which hold that said § 940 does not prevent a party, after furnishing abstract of title on which he relies, from introducing deeds which tend to disprove the other party's title, although such deeds were not included in his abstract. By analogy we think it proper to say that the defendants could introduce evidence of adverse possession to disprove the plaintiff's title, as well as a party could introduce deeds to disprove his opponent's title.

We attain the conclusion, therefore, that the learned trial court was in error in rendering the judgment aforesaid.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.