# McCreary, *et al. v.* Jackson Lumber Co.

## *Ejectment.*

(Decided June 5th, 1906.  41 So. Rep. 822.)

1. *Ejectment; Possession; Jury Question.*—Where a witness enumerated certain possessory acts of the grantor of plaintiff's ancestor, not in themselves sufficient to show actual possession, but not shown to be the only possessory acts performed, and testified further that at the time plaintiff's ancestor conveyed the land he was in possession of it, whether or not he was in possession was a question to be submitted to the jury.

2. *Same; Older Possession.*—In ejectment, if neither party has the legal title, the older possession gives the better right, and it is not defeated by a subsequent entry and occupation by the other

[McCreary, et al. v. Jackson Lumber Co.]

claimant, until it ripens into a title by adverse possession.

3. *Same; Possession; Color of Title; Continuous Possession.*—One claiming by prior possession under color of title cannot recover in ejectment unless he shows continuous possession to the time of dispossession by the rival claimant, or an intention to return after quitting.

4. *Same; Adverse Claim; Notice.*—The defendant's grantor abandoned the land from 1865 to 1890, and her deed to the land was not recorded until 1890, and there was nothing to put plaintiff's grantor on notice that defendant's prior grantor had an adverse claim of possession in 1874, or when the land was sold to plaintiff's ancestor in 1882. Held, that if plaintiff acquired a prior possession through such grantor, he would be entitled to recover against a mere trespasser, or one claiming under a later possession, provided defendant had not acquired peaceable possession in good faith under color of title.

5. *Same; Outstanding Title.*—The defendant proved color of title and a bona fide purchase from those in possession of the land. Held, this would enable him to defeat plaintiff's right of recovery by showing an outstanding title in another, without connecting himself with it; but in the case at bar, defendant was relieved of this burden by the plaintiff, who showed the title to be in the patentee, with whose title plaintiff showed no connection.

6. *Adverse Possession; Elements; Proof.*—Before adverse possession can ripen into a title upon which recovery may be had in ejectment it must be shown to have been actual, exclusive, open, notorious, hostile and continuous for a period of ten years in the party, or those from whom he claims, under claim of right.

7. *Same; Jury Question.*—Where the evidence tended to show that the grantor of plaintiff's ancestor had possession prior to the sale of the land for eight years, after which plaintiff's ancestor paid persons to look after the lands and go over it several time and paid the taxes to his death, when his sons paid the same, whether or not plaintiff has title by adverse possession was a question to be submitted to the jury.

8. *Appeal; Assignments of Error; Exclusion of Evidence; Sufficiency.*—Where the assignment of error related to the exclusion of evidence on defendant's motion, and referred to —— page of the record, and it appears that the court sustained two separate motions to exclude testimony, one of which was correct, the assignment cannot be considered.

9. *Same; Admission of Evidence; Harmless Error.*—Where a witness identified a paper as a deed, the failure to exclude her opinion or conclusion as to what kind of instrument it was, was harmless error.

[McCreary, et al. v. Jackson Lumber Co.]

10. *Evidence; Opinion Evidence; Title.*—It was proper not to permit a witness to state that he was in possession of the title.
11. *Deeds; Execution; Witnesses.*—Under Code 1896, § 982, only one witness is necessary to attest a deed where the grantor writes his own name.

APPEAL from Covington Circuit Court.

Heard before HON. H. A. PEARCE.

Ejectment by Ida McCreary and others against the Jackson Lumber Company. From a judgment in favor of defendant, plaintiffs appeal.

JAMES F. JONES, for appellant.—The court erred in giving the general affirmative charge for the defendant, as it was a question for the jury as to whether or not the plaintiff had shown a superior title in this case.— *Zundle v. Baldwin,* 114 Ala. 428; *Jackson Lbr. Co. v. McCreary,* 137 Ala. 279; 76 Ala. 280. A title acquired by ten years adverse possession under color of title descends to the heirs of M. M. Foster.—*Hall v. Caperton,* 87 Ala. 285. Defendant's deeds were void as against plaintiff, as plaintiff was in adverse possession of the land at the time they were made.—*Doe Ex Dem Anniston City Land Co. v. Edmundson,* 127 Ala. 445; *Brand v. U. S. Car Co.,* 128 Ala. 579; *Gist v. Beaumont,* 104 Ala. 447.

B. F. LEWIS, for appellee.—A plaintiff in ejectment must recover on the strength of his own title.—*Wilson v. Glenn,* 68 Ala. 383; 119 Ala. 351. Plaintiff must show a valid title in himself whether defendant's title be valid or not.—*Stephens v. Moore,* 116 Ala. 397. Plaintiff must show a superior legal title.—57 Ala. 193; 73 Ala. 308. The plaintiff must show a regular chain of title back to some grantor in possession or to the government.—137 Ala. 279; 107 Ala. 531; 59 Ala. 126.

ANDERSON, J.—When this case was here before, the court reiterated the doctrine, so often laid down by the courts of the land, "that a plaintiff in ejectment must recover upon the strength of his own title and must show a valid title in himself, whether the defendant's title be valid or not; and, the defendant being in

possession, the plaintiff cannot recover against him without showing a better muniment of title to the land than his or that he has acquired title by adverse possession."—*Jackson Lumber Co. v. McCreary*, 137 Ala. 278, 34 South. 850. Upon the former appeal this court held that the defendant was entitled to the general affirmative charge because the plaintiff had shown no legal title, and that the evidence also failed to show sufficiently clearly the possession of any one under whom they claimed to hold.

There was no evidence as to the possession of Donaldson. One Morrow does testify that "A. F. Jackson owned and was in possession of said N. E. 1-4 of section 36, township 1, range 18, from the time he bought it from W. F. Donaldson until he sold it to John Finley about the year 1882," a period of eight years. It is true that the witness, in detailing the possessory acts of Jackson, did not enumerate sufficient acts to show actual possession; but he nowhere stated that these were the only possessory acts, and, having previously testified to the collective fact that Jackson was in possession, it became a question for the determination of the jury as to whether Jackson was in the actual possession of the land when he conveyed it to Findley, the ancestor of the plaintiffs. If he was, the plaintiffs made out a prima facie case. The defendant claims under McGuirks, and Mrs. McGuirk testified that "they lived upon the land and were in actual possession from 1861 to the fall of 1865; that she then left and never returned to the land until 1890 (25 years afterwards), when she resided on it for 2 years, and then sold it to the defendant." The McGuirks went into the possession of said property in 1861 under a deed, and it is undisputed that they had an older actual possession. It is settled law that, "when neither party has the true title, the older possession gives the better right, and such right is not defeated by a subsequent entry and occupation by the opposing claimant until it ripens into a title by adverse possession."—3 Mayfield's Dig. p. 122, § 94, and cases there cited. The rule is also settled that one claiming by prior possession under color of title cannot recover where the evidence fails to show continuous pos-

session by the defendant, or an animus revertandi.—
Newell on Ejectment, 364; *Smoot v. Lecatt*, 1 Stew.
590; *Sabariego v. Maverick*, 124 U. S. 261, 8 Sup. Ct.
461, 31 L. Ed. 430. Mrs. McGuirk having abandoned
the land for 25 years, there was evidently no animus re-
vertandi; and her deed from the Seglers was not re-
corded until the year 1890, so there was nothing to put
Jackson on notice that she had an adverse claim of pos-
session when he bought the land from Donaldson in
1874, or when it was sold to Findley in 1882. There-
fore if the plaintiffs acquired a prior possession through
their grantors, they would be entitled to recover as
against a mere trespasser on the land or one claiming
only under a later possession. "And according to the
prevailing rule the plaintiff's right to recovery in such
case cannot be resisted by showing that there is or may
be an outstanding title in another."—10 Am. & Eng.
Ency. Law, 487; *Green v. Jordan*, 83 Ala. 220, 3 South.
317, 3 Am. St. Rep. 711; *Herin v Birmingham*, 56 Ala.
566, 28 Am. Rep. 776.

The foregoing rule does not prevail where the defend-
ant has acquired the possession peaceably and in good
faith under color of title.—10 Am. & Eng. Ency. Law,
488, and cases there cited; *Doe ex dem. v. Edmondson*,
145 Ala. 557, 40 South. 505; *Wilson v. Glenn*, 68 Ala.
383. In the case at bar the defendant proved color of
title and a bona fide purchaser from those who were in
possession of the land, and which would enable it to
defeat the plaintiffs' recovery by showing an outstand-
ing title without connecting itself with the same. But
the defendant was relieved of that in this case by the
plaintiffs, who showed the title to be in Thomas Leon-
ard, the patentee, and with whom the plaintiffs were in
no wise connected. These facts having been shown, the
plaintiffs were then put to establishing a title by ad-
verse possession in order to recover. In order for a
party to establish a title to land by adverse possession,
it must be shown that for a period of 10 years he and
those under whom he claims held a hostile possession
under claim of right; that it was actual, exclusive, open,
notorious, and continuous.—*Chastang v. Chastang*,
141 Ala. 451, 37 South. 799; *Lawrence v. Ala. Land*

*Co.,* 144 Ala. 524, 41 South. 612. Conceding that the possession of Jackson was one for the jury, it covered a period of only eight years and which was insufficient in point of time to establish adverse possession. The evidence shows that after Findley bought the land he had parties to look after it and go over it several times, and that he paid the taxes up to the time of his death and his sons did so after his death. These acts were sufficient to make the question of adverse possession one for the jury, and if the plaintiffs and those under whom they held had been in the adverse possession for ten years before the commencement of the suit and before defendant's possession commenced, they were entitled to recover. The trial court erred in giving the affirmative charge for the defendant.

We find but one assignment of error to the exclusion of evidence upon the motion of the defendant, and which refers to "——— page of the record," and as we find that the court sustained two separate and distinct motions to exclude certain evidence, we are a loss to know as to which ruling the assignment relates, and as there was no error in one of them, even if in the other, which we do not decide, the assignment could not avail the plaintiffs. It was proper to exclude the evidence of the witness: "I was in possession of the title."

If there was any error in the question and answer of the witness Mary McGuirk with reference to the deed, it was error without injury, as she identified the paper which was in fact put in evidence and was there to show for itself, and eliminated any conclusion or opinion of the witness as to what kind of an instrument it was, as it was before the court and was in fact a deed. Nor was the objection as to the execution of the deed good, as the signatures of the grantors seem to have been written by them, and, while attested by one witness who signed by mark, it was also attested by another witness who wrote his own name. If the grantor of a deed writes his own name, it is sufficient if it be attested by one witness. This is the law now, and was when this deed was executed in 1863.—Section 1266 of the code of 1852, which is included in section 982 of the code of 1896.

[New v. Young.]

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON, TYSON, SIMPSON, and DENSON, JJ., concur.