(127 So. 843)

### MURPHY v. LEATHERWOOD et al.
### 7 Div. 922.

Supreme Court of Alabama.
April 10, 1930.

Willett & Willett, of Anniston, for appellant.

S. W. Tate, of Anniston, for appellees.

GARDNER, J.

Statutory action of ejectment. From a judgment in favor of the plaintiffs, defendant appeals.

The only assignment of error relates to the refusal of the affirmative charge requested by defendant.

Plaintiffs are the heirs at law of Cornelia Leatherwood, in whom was the legal title to the land here involved at the time of her death in 1908. J. V. Leatherwood was the surviving husband of said Cornelia Leatherwood, and in 1910 he came from Texas to Alabama and conveyed this property to Mary Maddox, who assessed the same for taxes and remained in possession to the time of her death in 1928. Defendant claims as the legatee under the will of Mary Maddox. Plaintiffs, according to their proof, knew nothing of the sale by their father until a short time before bringing this suit. Plaintiffs' father, J. V. Leatherwood, died in 1911, at which time these plaintiffs were twenty-one years of age or more. Defendant rests his case upon adverse possession.

A number of witnesses testified to statements made by Mary Maddox while in possession of the land that at her death it would go to the children of Cornelia Leatherwood. One witness added that after making such remark, she further said, pointing out this part of the land, "we are not supposed to have anything to do with [it] except look after the taxes, etc."

J. V. Leatherwood, the husband, held only a life estate in the land, and his conveyance, though purporting to convey the fee, passed only his life estate. Dallas Compress Co. v. Smith, 190 Ala. 423, 67 So. 289. Hostility to the title of the true owner is an essential element of adverse possession. Williams v. Higgins, 69 Ala. 517. "The burden of proving the possession adverse—that it was taken and held under a claim of title hostile to the title of the true owner—rests upon the party asserting it." Newton v. L. & N. R. Co., 110 Ala. 474, 19 So. 19, 20. Mere possession for the statutory period to perfect a bar will not suffice. The possession must be adverse to the true owner. Newton v. L. & N. R. Co., supra.

Plaintiffs were admittedly the true owners, and we are of the opinion the evidence was sufficient for submission to the jury of the question of adverse possession. The affirmative charge requested by defendant was therefore properly refused.

The judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.