105 So.2d 653

**Rayburn WEBB**

v.

**Tom KING et al.**

**6 Div. 938.**

Supreme Court of Alabama.

Oct. 9, 1958.

Bankhead & Petree, Jasper, for appellant.

Tweedy & Beech and Curtis & Maddox, Jasper, for appellees.

**GOODWYN, Justice.**

This is an appeal by the respondent below from a final decree of the circuit court of Walker County, in equity, holding complainants-appellees to be the owners of a 40-acre tract of land (SW¼ of SW¼, Section 36, Township 12, Range 10 West, in Walker County, Alabama) and permanently enjoining respondent "from trespassing upon and cutting and removing any timber, logs, or other property from said land." The decisive question on this appeal is whether the complainants established their title to the land by adverse possession.

■ Although complainants take the position that the record title is in them, thus placing the burden on respondent of proving his title by adverse possession, we are at the conclusion that the record title is in respondent and that the complainants have not, as against that title, met the burden of establishing title in them by adverse possession. Accordingly, the decree is due to be reversed and one here rendered decreeing title in appellant-respondent. We proceed to a discussion of our reason for this holding.

Complainants claim title as the heirs of Thomas J. King, who died in 1912. Their evidence of the chain of record title showing ownership in him at the time of his death consisted of the following:

1. Grant by the United States to James McGough on February 16, 1859.

2. Entry in Volume "A" of the direct index to records of deeds, mortgages and other instruments as follows:

| "Grantor | | | Grantee | | | When Filed | | | | Recorded | |
| | | | | | | Inst. | Month | Day | Year | Book | Page |
| | | | | | | | | | Page | | |
| McLendon John | | | Samuel L. Aaron | | | | Deed | 8 | | A | |
| * | * | * | * | * | * | * | * | * | * | * | |
| McGough J. | | | J. King | | | | do | 320 | | A | |
| * | * | * | * | * | * | * | * | * | * | * | |
| McLung A. H. | | | Robins Huggins & Finch | | | | Deed | 25 | | B | |
| * | * | * | * | * | * | * | * | * | * | *" | |

———◆———

3. General warranty deed from William M. Jonsey and J. L. Latham to Thomas J. King, dated January 17, 1880, filed for record in the office of the Judge of Probate of Walker County on April 12, 1880, in Deed Record "B", page 117, and re-record-ed on August 1, 1947, in Volume 518, page 162.

There was evidence that the Walker County Courthouse burned in 1884, destroying many of the public records. That

**284**

was the occasion for re-recording by complainants of the Jonsey and Latham deed.

It also appears that Book "A", containing the indexed deed from J. McGough to J. King, was destroyed by the fire. There is no evidence showing a refiling of that deed for record; nor was said deed offered in evidence. And we find nothing in the evidence showing what property was conveyed by it.

We find no evidence showing when and in what way Jonsey and Latham acquired title to this land. So far as the evidence discloses they were complete strangers to the record title.

Appellant's evidence of the chain of record title showing ownership in him consisted of the following:

1. Grant by the United States to James McGough on February 16, 1859.

2. Statutory warranty deed dated June 24, 1918, executed by W. N. McGough, Elsie M. McGough, M. A. Norris and J. Z. Norris, as all the heirs of James McGough, deceased, conveying said land to John L. Prescott. This deed was filed for record on December 30, 1920, and recorded in Deed record 218, page 318.

3. General warranty deed dated April 26, 1920, executed by J. L. Prescott and wife conveying said land to H. L. Nix. Said deed was filed for record on December 30, 1920, and recorded in Deed Book 213 [sic], page 565.

4. General warranty deed executed in 1954 (the date of execution is left blank but acknowledgments of grantors show execution during months of April and May 1954) by Mary A. Nix and others ("the widow and all of the children and children of deceased children of H. L. Nix, deceased") conveying said land to appellant. This deed was filed for record on May 21, 1954, and recorded in Volume 653, page 41.

In addition to the foregoing, appellant introduced in evidence the following instruments:

1. Timber deed from H. L. Nix to L. F. Garrett, dated August 23, 1926, conveying all sawmill timber on this land, to be removed within two years. This instrument was filed for record on October 27, 1927, and recorded in Deed Record 283, page 309.

2. Mortgage dated January 10, 1933, executed by H. L. Nix and wife to Citizens State Bank of Carbon Hill, Alabama, to secure an indebtedness of $227.07. This mortgage was filed for record on June 17, 1933, and recorded in Mortgage Book 337, page 588.

3. Mortgage from appellant and his wife to R. M. MacLaurin, Trustee, dated May 21, 1954, to secure an indebtedness of $241.84. Said mortgage was filed for record on May 21, 1954, and recorded in Volume 651, page 68.

■ We have carefully considered the evidence and are at the clear conclusion that the complainants have not established title in them by adverse possession.

■ It seems apparent, from the evidence, that Thomas J. King and his heirs, during the period from 1880 (when the Jonsey and Latham deed to King was executed and recorded) to 1947 (when the Jonsey and Latham deed was re-recorded), did not perform such acts of possession as to give them title to the land by adverse possession under Code 1940, Tit. 7, § 828. The fact that during this period, and until the bringing of this suit, King and his heirs assessed for taxes an interest in said land, would not of itself be sufficient under § 828 to ripen title in them. Hagan v. Crowley, 265 Ala. 291, 294, 90 So.2d 760; Waters v. Mines, 260 Ala. 652, 657, 72 So.2d 69. As said in Hagan v. Crowley [265 Ala. 291, 90 So.2d 762]:

"There appears to be no question that Hagan has fulfilled the requirements of § 828 by listing the property for taxation for ten years prior to the commencement of this action. However, such listing for taxation is not alone

sufficient to give him title. It must also be shown that he has been in actual adverse possession of the land during the ten years he listed the property for taxation. * * *"

Even assuming that complainants' possessory acts from and after 1947 were sufficient to constitute adverse possession by them, such acts were not of sufficient duration to have met the 10-year requirement of the statute at the time this suit to establish their title was commenced.

There seems to be little doubt that from 1923 until 1947 only H. L. Nix and his successors in title exercised any acts of possession with respect to this land. Further, it is uncontradicted that continuously since 1923 he and his successors in title have assessed for taxation the entire 40-acre tract, although, as noted above, Thomas J. King and his heirs also assessed an interest in said land.

■ The evidence clearly establishes, we think, that the record title is in appellant-respondent. We find no evidence justifying a finding that the complainants, as against that title, have acquired title by adverse possession. What was said in Spradling v. May, 259 Ala. 10, 14, 65 So.2d 494, 498, is equally applicable here, viz.:

"Where one claims title to land through an unbroken chain of record title against another who relies upon adverse possession under color of title, the rule is well established. A very strict burden to establish his title rests upon the one claiming by adverse possession.

"The law places such a high dignity upon a regular documentary title and requires such strict formalities to evidence it that a necessary concomitant is that in order to work a divesture of that title by adverse possession, all the essential elements must be proven by the stated measure of proof, and that proof must show that there has been an actual occupancy, clear, definite, positive, notorious, continuous, adverse and exclusive for the requisite period under claim of right of the definite tract involved.

"Following are some of the authorities: Walthall v. Yohn, 252 Ala. 262, 40 So.2d 705; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882; Barbaree v. Flowers, 239 Ala. 510, 196 So. 111; Murphy v. Leatherwood, 221 Ala. 61, 127 So. 843; McDaniel v. Sloss-Sheffield Steel & Iron Co., 152 Ala. 414, 44 So. 705; Chastang v. Chastang, 141 Ala. 451, 37 So. 799."

Even if it should be held that complainants are holders of the record title, we do not think such holding would justify a decree in their favor. It seems to us that the evidence clearly shows that from 1923, after H. L. Nix acquired his deed to the land, until the re-recording in 1947 of the Jonsey and Latham deed to Thomas J. King, Nix and those claiming under him (including appellant) during that period of more than 23 years met the requirements for establishing title to the land by adverse possession.

We have given due consideration to the presumption in favor of the finding of the learned trial court, but cannot escape the conclusion that error was committed in decreeing that title to the land is in complainants-appellees. It results that the decree appealed from must be reversed and one rendered here in favor of respondent-appellant.

Reversed and rendered.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.