196 So.2d 866

**J. C. MILLER**

v.

**Joseph B. JONES.**

**1 Div. 228.**

Supreme Court of Alabama.

March 16, 1967.

Jas. R. Owen, Bay Minette, for appellant.

Chason, Stone & Chason, Bay Minette, for appellee.

LIVINGSTON, Chief Justice.

This is a statutory ejectment suit commenced by the appellant on February 13, 1963 to recover a tract of land containing approximately 5.6 acres of land in Baldwin County, Alabama. The amended complaint described the property as follows:

"Beginning at the Southwest corner of Fractional Section 31, Township 3 South, Range 2 East and run thence West 5030 feet; run thence North 220 Feet to a live oak tree which is the point of beginning; which tree is 1425.6 feet (21.6 chains) West and 75 feet South of the Southwest corner of the John Roberts land in the Foster Grant; thence West 393 feet to an 8 inch petrified wood post; thence South along an old fence line 561 feet to an iron post; thence East 393 feet to an iron post; thence North 561 feet to the live oak tree which is the point of beginning, containing 5.6 acres and being in Section 44,. (amended by interlineation to 'Section 43') Township 3 South, Range 2 East."

The appellee pleaded the general issue. The appellant took a nonsuit by reason of the adverse ruling of the court, and appealed.

The trial was held in 1964. A registered surveyor, witness for appellant, testified that he surveyed the property involved in this suit about 1957. A map admitted in evidence in connection with the testimony of the surveyor shows that the tract is actually located in Section 43, Township 3 South, Range 1 East. This witness had known the property for about 50 years. An old Negro woman had lived in a house on this land from the time she could remember until she died in 1937. Her surviving husband lived there until the house burned in 1941.

While this witness was testifying, the court admitted in evidence, at the instance

of appellee, a certified copy of a final decree of the Circuit Court of Baldwin County, Alabama, in Equity, dated May 28, 1941, quieting title in personam and in rem to the land in question as well as other land in J. Willard Newman.

Louis Clovis Williams testified that he was sixty-two years of age and that he was raised on the property which was the subject of the suit. His grandmother, Candice Richardson, lived on the property from the time that he first knew it until she died in 1937. Her husband, William Richardson, lived there until he died when the house burned in November, 1941. Candice Richardson had three children, Frank, Austin and Lily. Frank Williams was the father of Louis Clovis Williams.

The appellant offered in evidence, first as muniment of title, and then as color of title, a warranty deed executed by Frank Williams and his wife, Mary Williams, to Louis Clovis Williams, dated January 9, 1957, and filed for record on January 21, 1957. The appellee objected to its introduction on the ground that the land sued for is not described in the deed. The objection was sustained and the plaintiff duly excepted.

The appellant then offered in evidence a warranty deed from Louis Clovis Williams and his wife to the appellant, dated April 28, 1962, and filed for record on May 25, 1962. The appellee objected on the ground, among others, that the deed describes the land as being in Section 44 and in Range 2 East. The objection was sustained and the plaintiff duly excepted.

Thereupon, the plaintiff took a nonsuit with leave to appeal. He states that the only question on appeal is whether the description in the two deeds is sufficient, and insists that the court erred in not admitting the deeds in evidence.

Each of the deeds described the property by metes and bounds as in the amended complaint but concluded the description by stating that the land was in Section 44, Township 3 South, Range 2 East.

The repugnancy in the deed between the description as to metes and bounds and the description as to the Section and Range appears from the evidence.

The rule is that where a general and particular description are both used in the same deed with reference to the same land, and the two are repugnant to each other, the particular description will control and the general will be rejected as false. Sikes v. Shows, 74 Ala. 382; Carter v. Chevalier, 108 Ala. 563, 19 So. 798; Klepac v. Fendley, 222 Ala. 417, 132 So. 619.

It is also well understood that in ejectment, the plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's title. 8 Ala.Dig., Ejectment, ⊜9(3).

But appellee insists that any error in rejecting the deed was without injury to the appellant. By taking the nonsuit because of the adverse rulings rejecting the two deeds, the appellant tacitly admits that he had become satisfied by reason of the adverse ruling that he could not recover and therefore took a nonsuit to avoid a verdict against him. Title 7, Sec. 819, Code of Alabama 1940; Bush v. Russell, 180 Ala. 590, 61 So. 373. Therefore, for the purpose of this appeal, the determinable question is whether the plaintiff could have made out a case of statutory ejectment if the two deeds had been admitted in evidence in connection with the evidence already before the court.

The evidence does not show that Candice Richardson had any muniment of title to this property. The only evidence of possession on the part of Candice Richardson is that she lived in a house on the land and was claiming to own it.

Possession in order to ripen into title after the required length of time must be more than a mere claim of ownership. In order for the possession to be adverse it must be hostile and under claim of right,

actual, open and notorious, exclusive and continuous. Moorer v. Malone, 248 Ala. 76, 26 So.2d 558; Chastang v. Chastang, 141 Ala. 451, 37 So. 799. Acts of possession and other evidence to make possession adverse and ripen it into title must be sufficient to prove the existence of all these elements for the required length of time. McCreary v. Jackson Lumber Co., 148 Ala. 247, 41 So. 822; Millican v. Mintz, 255 Ala. 569, 52 So.2d 207.

There was no evidence as to the extent of the area or quantity of land that was in the possession of Candice Richardson. Acquisition of title to land by adverse possession without bona fide claim under color of title, inheritance or purchase, is restricted to the definite area that was in the actual, continuous, and hostile possession of claimant. Marsh v. Gragg, 228 Ala. 269, 153 So. 219; Chastang v. Chastang, supra. It is essential in such cases that the evidence show the possession of a definite and particular area. It cannot be left to speculation or conjecture. Bowles v. Lowery, 181 Ala. 603, 62 So. 107; Turnipseed v. Moseley, 248 Ala. 340, 27 So.2d 483, 170 A.L.R. 882. Candice Richardson had not acquired title by adverse possession in the 5.6 acre tract at the time of her death in 1937.

Moreover, there was no evidence of the assessment of the land by the appellant or by those under whom he claims for ten years. The two deeds in question were recorded within six years prior to the filing of the suit. Title 7, Sec. 828, Code of Alabama 1940, requires color of title or assessment of the land for taxes for ten years in connection with adverse possession. Morris v. Merchants National Bank of Mobile, 267 Ala. 542, 103 So.2d 310.

There is no reversible error in the case and it is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.